UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PAMELA DENISE IDLETT,

    Plaintiff,

v.                                                  ACTION NO. 4:16cv134

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pamela Denise Idlett brought this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.

An order of reference assigned this matter to the undersigned. ECF No. 7. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby recommended that the Commissioner's motion to remand to the Social Security Administration (ECF No. 12) be GRANTED, the Commissioner's decision on Idlett's claim be VACATED and REMANDED for further review, and Idlett's motion for summary judgment (ECF No. 10) be DENIED as MOOT.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted for Carolyn W. Colvin as the defendant in this suit. *See* Fed. R. Civ. Proc. 25(d).

## I. Procedural Background

Plaintiff, Pamela Denise Idlett ("Idlett"), protectively filed an application for a period of disability and DIB on October 31, 2012, R. 170–71[2], alleging that she became disabled on October 1, 2011 due to an Arnold Chiari malformation (rare brain malformation). R. 170, 303. The Commissioner denied Idlett's application on January 9, 2013, and, upon reconsideration, on September 17, 2013. R. 90–99, 101–12. At Idlett's request, an Administrative Law Judge ("ALJ") held a hearing by video teleconference on October 7, 2014, and received testimony from Idlett (who was represented by counsel) and an impartial vocational expert ("VE"). R. 63–89. During the hearing, Idlett amended the onset date of disability from October 1, 2011 to April 1, 2012. R. 66. Idlett also related that she had received permanent disability retirement from the federal government. R. 68. Without reference to this known disability determination by another federal agency, on January 12, 2015, the ALJ denied Idlett's claim, finding that she was not disabled from October 1, 2011[3] through the date of the decision. R. 48–57. On June 9, 2016, the Appeals Council denied Idlett's request for review of the ALJ's decision. R. 1–6. Therefore, the ALJ's decision stands as the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(h), 1383(c)(3); 20 C.F.R. § 404.981.

Having exhausted all administrative remedies, Idlett filed a complaint with this Court on August 8, 2016. ECF No. 1. The Commissioner answered on October 7, 2016. ECF No. 5. In response to the Court's order, Idlett filed a motion for summary judgment, with supporting memorandum, on November 8, 2016. ECF No. 10. On December 13, 2016, the Commissioner

---

[2] Page citations are to the administrative record previously filed by the Commissioner.

[3] While the ALJ references the amendment of the alleged onset date to April 1, 2012, R. 48, he concludes that Idlett has not been under a disability from October 1, 2011 through the date of the decision. R. 57.

filed a motion to remand the case under the fourth sentence of 42 U.S.C. § 405(g) due to "the fact that the decision of the Administrative Law Judge below does not demonstrate consideration of the Plaintiff's disability award by another governmental agency." ECF No. 12 at 1. Idlett filed a response, objecting to the motion for remand, and requesting, in part, that judgment be entered awarding her DIB. ECF No. 14. The Commissioner filed a reply. ECF No. 15. Without requesting leave to file a surreply, Idlett filed (subject to defect) a surreply requesting an award of benefits and sanctions. ECF No. 16.[4] As neither party has indicated special circumstances requiring oral argument, the case is deemed submitted for a decision.

## II. The ALJ's Decision

On January 12, 2015, the ALJ determined Idlett was not disabled from October 1, 2011 through the date of the decision. R. 57. To evaluate Idlett's claim of disability[5], the ALJ followed the sequential five-step analysis set forth in the SSA's regulations for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a). Specifically, the ALJ considered whether Idlett: (1) was engaged in substantial gainful activity; (2) had a severe impairment; (3) had an impairment that meets or medically equals a condition within the SSA's listing of official impairments; (4) had an impairment that prevents her from performing any past

---

[4] The Court GRANTS Idlett leave to file the surreply, and has considered her filing, ECF No. 16, in making this report and recommendation.

[5] To qualify for DIB, an individual must meet the insured status requirements of the Social Security Act, be under age 65, file an application, and be under a "disability" as defined in the Act. "Disability" is defined, for the purpose of obtaining disability benefits, "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *accord* 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(A). To meet this definition, the claimant must have a "severe impairment" making it impossible to do previous work or any other substantial gainful activity that exists in the national economy. 20 C.F.R. § 404.1505(a).

relevant work in light of her residual functional capacity; and (5) had an impairment that prevents her from engaging in any substantial gainful employment. R. 50–57.

The ALJ found that Idlett met the insured requirements[6] of the Social Security Act through December 31, 2017, and she had not engaged in substantial gainful activity since April 1, 2012, her amended alleged onset date of disability. R. 50.

At steps two and three, the ALJ found that Idlett's Arnold Chiari malformation constituted a severe impairment. R. 50. The ALJ classified Idlett's other asserted impairments as non-severe, because they either responded to medication, required no significant medical treatment, did not continuously exist for a 12-month period, or did not otherwise continuously impose functional limitations upon Idlett. R. 50–51. The ALJ further determined that Idlett's severe impairment, along with her other conditions, failed to meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, as required for a finding of disability at step three. R. 52 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

The ALJ next determined Idlett's residual functional capacity ("RFC"). R. 52–56. The ALJ considered Idlett's reports of her condition and symptoms, and how these limited her daily activities. R. 53. The ALJ summarized Idlett's treatment notes, medications, and test results, including multiple MRIs, a cerebrospinal fluid flow study (CSF flow study), and an EEG. R. 53–54. The ALJ addressed and weighed the opinion evidence from Idlett's treating physicians, nurse practitioner, and physical therapist, as well as the state agency consultant's assessments. R. 55–56. The ALJ found that Idlett possessed an RFC to perform light work, *see* 20 C.F.R. § 404.1567(b), with the following limitations: (a) she could "lift and carry ten pounds frequently

---

[6] In order to qualify for DIB, an individual must also establish a disability that commenced on or before the last day in which that individual met the insured status requirements of the Social Security Act. *See* 42 U.S.C. § 423(a), (c); 20 C.F.R. § 404.131(b).

4

and twenty pounds occasionally;" (b) she could sit for six hours, and walk or stand for four hours, in an eight-hour workday alternating "between sitting and standing every thirty minutes for comfort;" (c) she could not climb ladders or "work at unprotected heights or around dangerous machinery;" (d) she could "perform jobs that require no frequent grasping as would be required on an assembly line;" and (e) she was "limited to simple repetitive job tasks." R. 52. The ALJ further concluded that this RFC was supported by "the mild findings on radiographic and physical examinations, the conservative level of treatment, and [Idlett's] extensive activities of daily living." R. 56. Based upon this assessment of Idlett's RFC, the ALJ determined at step four that Idlett could not return to her past relevant work as a program analyst and a support assistant. R. 56.

Finally, at step five, and after considering her age, high school education, work experience, and RFC, the ALJ found that Idlett could perform other jobs, such as an office helper, information clerk, and clerical checker, which existed in significant numbers in the national economy. R. 56–57. Accordingly, the ALJ concluded that Idlett was not disabled from October 1, 2011 through the date of the ALJ's decision and was ineligible for a period of disability or DIB. R. 57.

### III. Standard of Review

In reviewing a social security disability decision, the Court is limited to determining whether the Commissioner applied the proper legal standard in evaluating the evidence and whether substantial evidence in the record supports the decision to deny benefits. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla of evidence[,] but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

When reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589; *Hays*, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed, unless the decision was reached by means of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)). Thus, reversing the denial of benefits is appropriate only if either (A) the record is devoid of substantial evidence supporting the ALJ's determination, or (B) the ALJ made an error of law. *Coffman*, 829 F.2d at 517.

In reviewing a decision of the Commissioner denying benefits, the Court has the power, "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Further, "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744

(1985)).

## IV. Analysis

Remand of Idlett's case is necessary to allow the ALJ to appropriately address the disability determination of another governmental agency, the Office of Personnel Management ("OPM"). In evaluating a Social Security Disability claim, an ALJ must consider all of the required categories of evidence as set out by the Code of Federal Regulations. 20 C.F.R. § 404.1513(a)(1)–(5). One of the types of evidence that will be considered is decisions by other governmental agencies about whether a person is "disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. These decisions are not binding upon the Social Security Administration, 20 C.F.R. § 404.1504, which reserves the ultimate authority for deciding whether a petitioner is disabled, SSR 06-03p. However, the ALJ is required to consider, evaluate, and weigh these governmental agency decisions as evidence in the petitioner's claim. 20 C.F.R. § 404.1504; *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) ("SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies."); SSR 06-03p ("we are required to evaluate all the evidence . . . including decisions by other governmental and nongovernmental agencies"); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968) ("Weight should be given to the findings of the Virginia Compensation Commission even though [the findings are] not determinative of the issue." (citing *Hayes v. Celebrezze*, 311 F.2d 648, 654 (5th Cir. 1963))).[7]

---

[7] A recent revision to the Code of Federal Regulations states that "in claims filed [] on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. The SSA made clear that it is now "not requiring adjudicators to provide written analysis about how they consider the decisions from other governmental agencies and nongovernmental entities . . . .

7

When the ALJ has not weighed the disability determination of another governmental entity in accordance with the Fourth Circuit's *Bird* decision, remand is the appropriate remedy. *See Parker v. Colvin*, No. 3:14cv618, 2015 WL 5561213, at *16 (E.D. Va. Sept. 11, 2015); *Wyche v. Colvin*, No. 4:13cv43, 2014 WL 1903106, at *8 n.2 (E.D. Va. Apr. 30, 2014) (collecting cases from "ten different district and magistrate judges who have opined that *Bird* requires remand to permit the ALJ to analyze a [disability determination from another governmental agency] under the correct evidentiary standard"). The Commissioner concedes that, in Idlett's case, the ALJ failed to address the OPM's disability determination. ECF No. 15 at 1 (noting the ALJ's opinion is "devoid of reference to a known disability determination by another federal agency"). Because the ALJ failed to address the OPM disability determination concerning Idlett, this Court cannot determine whether the ALJ's decision is supported by substantial evidence.

Remand is the appropriate remedy despite Idlett's requests that the Court award her DIB based on the current record. Here, the record consists of lengthy treatment records, test results, and multiple opinions from treating and non-treating sources, in addition to Idlett's reports regarding her symptoms. The ALJ explicitly considered and weighed this information when he determined that Idlett was capable of a limited range of light work. The Court cannot speculate as to what weight, if any, the ALJ gave to OPM's disability decision, or whether consideration of the OPM decision would change the ALJ's conclusions. Therefore, the Court should remand the

---

[and that adjudicators will only] consider in [their] determination or decision the relevant supporting evidence underlying the other governmental agency or nongovernmental entity's decision that [the SSA] receive[s] as evidence in a claim." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). This new rule does not apply to Idlett's case as the rules only went into effect on March 27, 2017, and, from its language, it applies only to claims made on or after that date. *See id.* ("These final rules are effective on March 27, 2017.").

case to allow the ALJ to weigh the evidence in accordance with the *Bird* decision.[8]

## V. Recommendation

For the foregoing reasons, this Court recommends that the Commissioner's motion to remand to the Social Security Administration (ECF No. 12) be GRANTED, and that the Commissioner's decision on Idlett's claim be VACATED and the case be REMANDED to the Acting Commissioner of Social Security pursuant to sentence four of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). On remand, the Appeals Council should send the case back to an Administrative Law Judge for further administrative proceedings consistent with this report and recommendation. Plaintiff's motion for summary judgment (ECF No. 10) should be DENIED as MOOT.

## VI. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P.

---

[8] In addition to the request for an award of benefits, Idlett requests that certain harassing behavior, "telecommunications intrusions, wiretapping, location tracking and stalking" be immediately stopped, and that the Commissioner be sanctioned by referring this action to the judicial conference for investigation based on the "federal violation committed by the ALJ." ECF No. 14 at 5–6. These requests are not properly before the Court in this action brought pursuant to 42 U.S.C. § 405(g) seeking review of the SSA's decision denying Idlett DIB. *See* Compl. 2, ECF No. 1.

72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 5, 2017